# Exhibit A

**JAMS**

| | | |
|---|---|---|
| **SANDRA PRUDHOMME** | § | |
| | § | |
| Claimant, | § | |
| | § | |
| v. | § | **JAMS ARBITRATION NO. 1220069594** |
| | § | |
| **STEWARD HEALTHCARE SYSTEMS, LLC,** | § | |
| | § | |
| | § | |
| Respondent. | § | |

## ORDER ON MOTION FOR SUMMARY DISPOSITION
## AND FINAL AWARD

**Parties and Counsel**: The parties are identified in the caption and are represented as follows:

> Sandra Prudhomme
> 5740 Mel Sha Lane
> Beaumont, TX 77705
> Telephone: 409-351-6981
> Email: cookie62sp@yahoo.com
> Pro Se Counsel for Claimant, Sandra Prudhomme

> Paul G. Nason
> Robin G. Shaughnessy
> Locke Lord LLP
> 2200 Ross Street, Suite 2800
> Dallas, TX 75201
> Telephone: 214-740-8000; Fax: 214-740-8800
> Email: pnason@lockelord.com
> Email: rshaughnessy@lockelord.com
> Counsel for Respondent, Steward Healthcare Systems

**Arbitrator**:            Cecilia H. Morgan, Esq.
> JAMS
> 8401 N. Central Expressway, Suite 610
> Dallas, Texas 75225
> Telephone: 214-744-5267; Fax: 214-720-6010

**Case Manager**:   Judy Stephenson
JAMS
8401 N. Central Expressway, Suite 610
Dallas, Texas 75225
Email:  jstephenson@jamsadr.com
Telephone:  214-891-4523; Fax:  214-720-6010

## PRELIMINARY STATEMENT

Claimant Sandra Prudhomme (hereinafter "Claimant" or "Prudhomme") initiated her Demand for Arbitration with JAMS on March 16, 2021, pursuant to an Arbitration Agreement between Claimant and Respondent Steward Healthcare Systems, LLC (hereinafter "Respondent" or "Steward").

The Arbitration Agreement provides for arbitration in accordance with JAMS Employment Arbitration Rules and Procedures. The Arbitration Agreement provides that either party may file a motion for summary judgment and the Arbitrator will apply the standards for such motions under the Federal Rules of Civil Procedure. The Arbitrator applies Rule 56 (Fed. R. Civ. P.) standards and case law. The Arbitration Agreement also provides that the Arbitrator will resolve any disputes regarding costs and fees associated with the arbitration.

The arbitration is subject to the JAMS Policy on Employment Arbitration, Minimum Standards for Procedural Fairness (hereinafter "JAMS Minimum Standards"). Standard number 8 requires that the arbitration award consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief. The Arbitrator should also provide a precise written statement of the reasons for the award stating the essential findings and conclusions on which the award is based.

Both parties participated in the preparation of Scheduling Order No. 1 dated July 9, 2021, for hearing of this matter on December 7 through December 9, 2021, in Houston, Texas. The venue of the matter was determined by Claimant's place of residence. Scheduling Order No. 1 was amended as Scheduling Order No. 2 to allow the parties to engage in a mediation with the Texas Workforce Commission Civil Rights Division in November, 2021. The claims did not resolve.

Respondent filed its Motion for Summary Disposition (hereinafter "Respondent's Motion") in accordance with Scheduling Order No. 2 on December 10, 2021. The Respondent's summary disposition evidence includes (1) the affidavit of Gail Kroen, (2) excerpts from the deposition of Sandra Prudhomme and its exhibits, (3) affidavit of Marsha Worthy and (4) Claimant's July 14, 2021, Statement of Claims. Claimant filed her responses December 13, 2021, including her exhibits and the six minute and thirty-nine second recording of a conversation with Marsha Worthy. The Arbitrator has read and listened to all evidence and is entering its decision accordingly.

Claimant makes claims for race, color, national origin, age discrimination and retaliation in her various statements of claims. Respondent's First Amended Answer most notably raises defenses of general denial, bar by applicable statutes of limitations, and lack of a prima facie case. Given this ruling granting Respondent's Motion for Summary Disposition, there is no necessity for a hearing on the Motion to Strike and no reason for an arbitration heard January 26-28, 2022.

## ESSENTIAL FINDINGS

1. Respondent hired Claimant in January, 2018.
2. Respondent hired Marsha Worthy as Human Resources Director in October, 2019.
3. Claimant reports to Marsha Worthy.

4. As Director of the Human Resources Department, beginning in October, 2019, Marsha Worthy reviewed the status of the department's personnel and operations and made changes as she deemed necessary.

5. In November, 2019, Claimant was requested to do additional recruiting duties.

6. In November, 2019, Claimant requested additional pay for performing the recruiting duties on an interim basis. Marsha Worthy denied the request for interim pay and encouraged Claimant to speak to Craig Desmond, the Respondent's President, about her interim pay request. Claimant identified Bealynda Walsh and Paul Peddy as comparators who received interim pay for additional work.

7. Craig Desmond denied Claimant's interim pay request and instead approved the payment of a bonus to Claimant which was paid January 31, 2020.

8. On February 19, 2020, Marsha Worthy gave Claimant a written development plan. Claimant believed the development plan was helpful because she was allowed to understand, in writing, Respondent's expectations. Claimed viewed the plan as her first PIP. Claimant complained to Gail Kroen, Vice President of Human Resources about Marsha Worthy.

9. Claimant was on family and medical leave from June 25, 2020, to August 4, 2020 (hereinafter "FMLA Leave").

10. On August 4, 2020, when Claimant returned from FMLA Leave, Marsha Worthy provided Claimant with information to assist Claimant in transitioning back into employment after her extended leave in part because of the operational changes that had occurred as a result of the COVID pandemic.

11. On October 12, 2020, Marsha Worthy gave Claimant a verbal warning when Claimant terminated a nurse's employment contrary to Marsha Worthy's instructions.

12. On November 30, 2020, Marsha Worthy learned that Claimant failed to order a retirement plaque as instructed. Marsha Worthy sent Claimant home for the rest of the day with pay and suggested that she review the Open Position Report to determine if there was a more suitable position for her. She was paid during this time. Claimant believed she was demoted.

13. Claimant called in sick on December 4, 2020, and took an additional FMLA Leave until January 19, 2021. Claimant complained to the compliance hotline and claimed age discrimination, hostile work environment, bullying, retaliation, and constructive discharge.

14. In December, 2020, during her FMLA leave, she contacted Jason Miller, Respondent's Chief Compliance Officer, to complain about Marsha Worthy's treatment of her and her belief that she was demoted.

15. In December, 2020, while Claimant was still employed, Marsha Worthy hired a black African American recruiter to work in the Human Resources Department.

16. On January 19, 2021, upon her return from FMLA Leave, Respondent placed Claimant on a PIP and assured Claimant she was not demoted.

17. Respondent notified Claimant of her termination of employment on March 3, 2021, effective March 5, 2021. Respondent terminated Claimant's employment because she failed to satisfactorily meet the requirements of the first PIP and because she failed to order the retirement plaque as well as perform other required duties.

18. On February 1, 2021, Claimant requested arbitration with Respondent claiming retaliation.

19. Claimant filed her charge of discrimination with the Texas Workforce Commission on May 25, 2021 claiming race, color, sex, national origin, age and religious discrimination and retaliation. Claimant filed her amended charge of discrimination on May 26, 2021, eliminating her claims of sex and religious discrimination.

20.     On March 16, 2021, Claimant submitted her Demand for Arbitration to JAMs asserting claims for race, color, national origin, age discrimination and retaliation.

## CONCLUSIONS OF LAW

1.     Texas is an at-will employment state. In the absence of the violation of a federal and/or Texas statutory provisions, employers have the right to fire at will.

2.     The Arbitration Agreement allows for either party to file a motion for summary disposition. The standard for review of the motion is pursuant to the Federal Rules of Civil Procedure. By filing a no evidence motion for summary disposition, Respondent has the burden to disprove Claimant's claims as a matter of law and any facts in dispute are heard in the light most favorable to the Claimant. There are numerous potential fact issues; however, they do not support Claimant's claims as a matter of law.

3.     Considering Claimant's claims in the most favorable light to her, Claimant's race, color and national origin claims are barred by the statutes of limitations. According to the Texas Workforce Commission charge, her claim for adverse employment action regarding her failure to receive interim pay arose November, 2019 and/or at the latest, January 31, 2020, when she received the bonus instead of interim pay. Claimant was required to file her charge of discrimination by November 26, 2020 (300 days from the maturity of the claim). Claimant did not file her charge until May 25, 2021. Claimant's race, color and national origin claims are, therefore, barred by an untimely administrative process and the statute of limitations.

4.     Claimant's age claim is the most troublesome of her claims in relation to a motion for summary disposition. Claimant claims that she overheard Marsha Worthy make statements on several occasions to the effect that "she prefers working with younger people because they are easier to teach"; she never identifies when these statements were made. Assuming that these statements

were made, which Ms. Worthy denies, in accordance with Texas and federal law, these statements are at most stray remarks and do not rise to the level of an age claim. Without more, stray remarks are not evidence of age discrimination. There is no evidence showing that age played a role in her termination; therefore, her age discrimination claim fails as a matter of law.

5.  Claimant's retaliation claim is based on her subjective belief that because she asked for interim pay in November, 2019, and many actions thereafter by Respondent were in retaliation for her request and the reporting of her request and complaint to Craig Desmond, Gail Kreon, the Complaint Hotline and/or later, to Jason Miller. There is no causal link between the interim pay request and Respondent's conduct. Moreover, Respondent had legitimate non-discriminatory reasons for its conduct. Claimant had been on two PIPs during the relevant time period and the articulated reason for her firing was the failure to provide the retirement award. There is no causal relationship between her retaliation claim and the ultimate reason for her dismissal.

6.  Claimant's claims for race, color, national origin, age and retaliation are convoluted. On one hand, her claims seem to be that she was denied interim pay for additional work. The two people she identifies as comparators are not comparators in accordance with federal or state law; neither comparator is sufficiently identical. On the other hand, her claims seem to be that between February, 2020 and March 3, 2021, Marsha Worthy yelled at her, demoted her, questioned her duties daily, required status email updates daily, placed her on two PIPs and refused to provide her with interim pay for additional job duties. None of these are ultimate employment actions to support her claims. These might be rude and inappropriate behavior but do not rise to the level of discrimination or retaliation in the absence of more evidence. Ms. Worthy's conduct, if taken as true, does not give rise to Claimant's claims.

7.  Taken in the light most favorable to Claimant, the recording of Ms. Worthy and Claimant would support Claimant's position that she completed the second PIP requirement.

However, it does not change the lack of evidence of race, color, national origin, age discrimination or retaliation. The recording was not properly identified, was at several points incomprehensible and without context.

8. Claimant's claims of race, color, national origin, age and retaliation are not supported by competent summary disposition evidence pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Arbitrator gave Claimant the benefit of the doubt as to the competence of the evidence considering that Claimant is a pro se claimant. Neither the Texas Labor Code nor Title VII of the Civil Rights Act of 1964 support her claims. Claimant failed to support her response to Respondent's Motion with specific evidence in the record and articulate the precise manner in which the evidence supports her claims. The Respondent's Motion for Summary Disposition is **GRANTED.**

## FINAL AWARD

For the reasons set forth above, **IT IS ORDERED** that Sandra Prudhomme take nothing by this arbitration against Steward Healthcare Systems, LLC and that her substantive and procedural claims are dismissed with prejudice.

Arbitration fees and costs are taxed against the Respondent.

All other relief not expressly granted is denied.

This is a final award.

Dated:  January 10, 2022.

> */s/ Cecilia H. Morgan*
> Cecilia H. Morgan, Esq., Arbitrator