# Exhibit B

| | **ARBITRATION AGREEMENT** |
|---|---|
| Steward | |
| | `POLICY OWNER: PATRICK LOMBARDO` |
| | `FINAL APPROVAL DATE: May 20, 2019` |

## SCOPE

Company affiliated facilities, including, but not limited to, hospitals, ambulatory surgery centers, home health agencies, and physician practices, and all Company and Corporate Departments and Divisions and all personnel related thereto.

## PURPOSE

**This Arbitration Agreement is a contract and requires You and the Company to arbitrate covered claims. It is Your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of Your choice outside the Company or to refrain from doing so if that is Your choice.**

**Este Acuerdo de Arbitraje es un contrato y requiere que Tú y la Empresa sometan a arbitraje las reclamaciones cubiertas. Es tu absoluta responsabilidad leerlo y entenderlo. Tienes la libertad de buscar asistencia de asesores independientes de tu elección fuera de la Empresa o de abstenerte de buscar asistencia si esa es tu elección.**

## POLICY

A. This Arbitration Agreement ("Agreement") is between You (referred to in this Agreement as "You," "I,", "Your" or "Employee") and Your employer (hereafter "Company"). For purposes of this Agreement, any reference to "Company" is intended to broadly refer to the entity or entities that actually employs or has employed you, or that you have applied for employment with, including, but not limited to, Steward Health Care Systems LLC and all parent companies, divisions, subsidiaries, and affiliated entities of any entity included in this definition of Company. All disputes covered by this Agreement will be decided by a single arbitrator through final and binding arbitration and not by way of court or jury trial. The Federal Arbitration Act (9 U.S.C. § 1 et seq.) governs this Agreement, which evidences a transaction involving commerce.

B. This Agreement does not prevent or excuse You or the Company from using informal avenues to raise or resolve concerns, including disputes that are covered under this Agreement. The Company strongly encourages You to attempt to resolve disputes internally. Many times addressing concerns with Your immediate supervisor will lead to a resolution. Therefore, the Company encourages You to raise concerns with Your immediate supervisor so the supervisor can attempt to reach a solution. If You feel uncomfortable raising concerns with Your immediate supervisor, or Your supervisor does not respond to Your concerns, You are encouraged to raise the problem with your department manager or the Company's Human Resources Department. If You still believe the matter has not been resolved satisfactorily, You may raise your concern with Your facility President or the Executive Vice President of Human Resources. The above-listed steps are not mandatory and they are not a condition precedent to arbitration, but we strongly encourage You to use these steps so the Company and You can identify a win-win solution. If, however, the above-listed steps are unsuccessful or are not otherwise utilized, any disputes covered under this Agreement are subject to final and binding arbitration.

## COVERAGE

A. COVERED CLAIMS

1. This Agreement is intended to be as broad as legally permissible, and, except as it otherwise provides, applies to all claims or controversies, past, present, or future, that otherwise would be resolved in a court of law or before a forum other than arbitration, including without limitation, claims or disputes arising out of or related to Your application and selection for employment, employment, and/or termination of employment. Except as it otherwise provides, this Agreement applies to claims and disputes that the Company may have against You or that You may have against the Company, and/or its/their officers, directors, partners, members, owners, shareholders, employees, benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates or agents, predecessors, successors or assigns (each and of all of whom/which may enforce this Agreement).

2. Except as it otherwise provides, this Agreement applies, without limitation, to claims arising under federal, state, or local law based upon or related to discrimination, harassment, and retaliation (including, but not limited to race, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, medical condition, handicap or disability), defamation (including post-employment defamation or retaliation), breach of a contract or covenant, fraud, negligence, breach of fiduciary duty, trade secrets, unfair competition, wages, minimum wage and overtime or other compensation or any monies claimed to be owed, meal breaks and rest periods, termination, tort claims, common law claims, and equitable claims, and claims arising under the Defend Trade Secrets Act, Fair Credit Reporting Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, False Claims Act, Consolidated Omnibus Budget Reconciliation Act of 1985, state statutes or regulations addressing the same or similar subject matters, and all other federal, state, or local legal claims. This Agreement also applies to claims arising under the Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance; however, this Agreement does apply to any claims for breach of fiduciary duty, for penalties, alleging that any of the Company's benefit plans violates the requirements of ERISA, claims arising under sections 601-607 of ERISA, or alleging any other violation of ERISA (including but not limited to claims under section 510 of ERISA, even if such claim is combined with a claim for benefits)).

3. The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the validity, applicability, enforceability, unconscionability or waiver of this Agreement, including, but not limited to any claim that all or any part of this Agreement is void or voidable. However, as stated in the "Class Action Waiver" below, the preceding sentence does not apply to the Class Action Waiver.

B. CLAIMS NOT COVERED

1. These claims are not covered under the Agreement: (i) Workers' Compensation benefits, state disability insurance benefits or unemployment insurance benefits; however, it applies to discrimination or retaliation claims based upon seeking such benefits; (ii) disputes that an applicable federal statute expressly states cannot be arbitrated or subject to a pre-dispute arbitration agreement; and (iii) claims against a contractor that may not be the subject of a mandatory arbitration agreement as provided by Section 8116 of the Department of Defense ("DoD") Appropriations Act for Fiscal Year 2010 (Pub. L. 111-118), Section 8102 of the Department of Defense ("DoD") Appropriations Act for Fiscal Year 2011 (Pub. L. 112-10, Division A), and their implementing regulations, or any successor DoD appropriations act addressing the arbitrability of claims.

2. <u>Temporary and Preliminary Injunction Exception</u>. Both the Company and You may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, including without limitation any controversy under any *Employee Covenants Agreement* or applicable restrictive covenant(s) or confidentiality obligations between You and the Company. The court to which the application is made is authorized to grant temporary or preliminary injunctive relief and may do so with or without addressing the merits of the underlying arbitrable dispute, as provided by applicable law of the jurisdiction. All determinations of final relief will be decided in arbitration, and the pursuit of temporary or preliminary injunctive relief shall not be deemed incompatible with or constitute a waiver of rights under this Agreement.

C. OTHER LIMITATIONS TO HOW THIS AGREEMENT APPLIES

1. Nothing in this Agreement prevents You from making a report to or filing a claim or charge with a governmental agency, including without limitation, the Equal Employment Opportunity Commission, U.S. Department of Labor, National Labor Relations Board, Occupational Safety and Health Administration, State Survey Agencies, state departments of health services, state medical board, state nursing boards, or law enforcement agencies, and nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in Arbitration. The Company will not retaliate against You for filing a claim with an administrative agency or for

exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act. This Agreement also does not prevent or prohibit You in any way from reporting, communicating about, or disclosing claims for discrimination, harassment, retaliation, or sexual abuse.

2. This Agreement does not apply to any employee represented by a labor organization, or to the Company regarding any such employee, except to the extent permitted in any applicable collective bargaining agreement.

## PROCEDURES

A. STARTING ARBITRATION: The Company and You agree that the party initiating the claim must make a written request for arbitration of the claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim.  Written request for arbitration to the Company should be sent to: Arbitration Intake, 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201 by U.S. Mail or hand delivery. You will be given notice of any claim by the Company at the last home address You provided to the Company. The demand for arbitration shall identify the claim(s) asserted, factual basis for the claim(s), and relief and/or remedy sought. The Arbitrator will resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

B. ADMINISTRATION AND ARBITRATOR

1. The arbitration will be administered by JAMS, and except as provided in this Agreement, will be under the then current JAMS Employment Arbitration Rules & Procedures ("JAMS Rules") (the JAMS Rules are available through the Company's Human Resources Department or via the internet at https://www.jamsadr.com/rules-employment or by using a service such as Google to search for "JAMS Employment Arbitration Rules".); provided however, that if there is a conflict between the JAMS Rules and this Agreement, this Agreement shall govern. Unless the parties jointly agree otherwise, the Arbitrator must be an attorney experienced in employment law and licensed to practice law in the state in which the arbitration is convened, or a retired judge from any jurisdiction. Unless the parties jointly agree otherwise, the arbitration will take place in or near the city and in the state in which You are or were last employed by the Company.

2. The Arbitrator will be selected as follows: JAMS will give each party a list of nine (9) arbitrators (subject to the qualifications listed above) drawn from its panel of arbitrators. Each party will have ten (10) calendar days to strike all names on the list it deems unacceptable.  If only one common name remains on the lists of all parties, that individual will be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties will strike names alternately from the list of common names, with the party initiating the claim to strike first, until only one remains. If no common name remains on the lists of all parties, JAMS will furnish an additional list of nine (9) arbitrators from which the parties will strike alternately, with the party initiating the claim to strike first, until only one name remains. That person will be designated as the Arbitrator. If for any reason, the individual selected cannot serve, JAMS will issue another list of nine (9) arbitrators and repeat the alternate striking selection process. JAMS is without authority to unilaterally appoint an arbitrator.

3. The Arbitrator may award any remedy to which a party is entitled under applicable law, but remedies will be limited to those that would be available to a party in their individual capacity for the claims presented to the Arbitrator. The Arbitrator shall apply the substantive federal, state, or local law applicable to the claims asserted. Either party may file dispositive motions, including without limitation a motion to dismiss and/or a motion for summary judgment and the Arbitrator will apply the standards governing such motions under the Federal Rules of Civil Procedure.

4. The Arbitrator will issue an award by written opinion within thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later.  The opinion will be in writing and include the factual and legal basis for the award.  The award issued by the Arbitrator may be entered in any court of competent jurisdiction.

C. DISCOVERY AND SUBPOENAS: Each party may take the deposition of one individual fact witness and any expert witness designated by another party. Each party may also propound twenty-five (25) requests production of documents and five (5) interrogatories, and each party may subpoena witnesses and documents for discovery or the arbitration hearing, including testimony and documents relevant to the case from third parties. Additional discovery may be conducted by mutual stipulation, and the Arbitrator will have exclusive authority to entertain requests for additional discovery, and to grant or deny such

requests, based on the arbitrator's determination whether additional discovery is warranted by the circumstances of a particular case.

D. OFFER OF JUDGMENT:  Unless required otherwise by law (including the common law), a party may make an offer of judgment in a manner consistent with, and within the time limitations, consequences, and effects provided in Rule 68 of the Federal Rules of Civil Procedure. The offer shall be served on the offeree in the same manner in which other papers are served in the arbitral proceeding. The offer shall not be served on the Arbitrator, except that if the offer is accepted, either party may then file with the Arbitrator the offer and notice of acceptance together with proof of service thereof. The Arbitrator shall then immediately render an award as provided by the offer, and the arbitration proceedings shall then be terminated.  If the offer is not accepted, the offer shall not be used as evidence in the arbitration proceedings and, following the issuance of the Arbitrator's award, the offeror may file a motion for costs with the Arbitrator, who shall retain jurisdiction to decide the motion and award costs to the offeror as warranted.

E. FEES AND COSTS: The Company will pay the Arbitrator's and arbitration fees and costs, except for Employee's filing fee, in accordance with the JAMS Rules and applicable law. Each party will pay for its own costs and attorneys' fees, if any, but if any party prevails on a claim which affords the prevailing party attorneys' fees, the Arbitrator may award reasonable fees to the prevailing party as provided by law. The Arbitrator will resolve any disputes regarding costs/fees associated with arbitration.

## CLASS ACTION WAIVER

A. The Company and I agree to bring any claim on an individual basis. Accordingly, THE COMPANY AND I WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED, OR ARBITRATED AS A CLASS ACTION AND/OR COLLECTIVE ACTION AND THE ARBITRATOR WILL HAVE NO AUTHORITY TO HEAR OR PRESIDE OVER ANY SUCH CLAIM ("Class Action Waiver"). The Class Action Waiver will be severable from this Agreement in any case in which there is a final judicial determination that the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable.  In such case, the class action and/or collection action, as applicable, must be litigated in a civil court of competent jurisdiction—not in arbitration.

B. Regardless of anything else in this Agreement and/or the JAMS Rules, or any amendments and/or modifications to those rules, any claim that all or part of the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable, may be determined only by a court of competent jurisdiction and not by an arbitrator.

## OTHER

A. CONSIDERATION:  The mutual obligations by the Company and You to arbitrate provide consideration for this Agreement.

B. ENTIRE AGREEMENT:  This is the complete agreement of the parties about arbitration of disputes. This Agreement modifies and takes priority over any contrary language, if any, in any Employee Covenants Agreement (or similar agreement) between You and the Company, that requires a venue and governing law contrary to this Agreement for any dispute covered by this Agreement.  The parties expressly agree that any disputes arising out of or related to any Employee Covenants  Agreement (or similar agreement (unless such agreement has an arbitration agreement) between You and the Company will be resolved in accordance with this Arbitration Agreement, including without limitation the Temporary and Preliminary Injunction Exception above. Any contractual disclaimers the Company has in any handbooks, other agreements, or policies do not apply to this Agreement. This Agreement will survive the termination of Employee's employment and the expiration of any benefit, and it will continue to apply upon Employee's transfer to any parent, subsidiary or affiliate of the Company or re-employment by the Company or any parent, subsidiary or affiliate if Employee's employment is ended but later renewed.

C. CONSTRUCTION:  Subject to the clause entitled "Class Action Waiver," above, if any provision of this Agreement is adjudged to be invalid, unenforceable, unconscionable, void or voidable, in whole or in part, such adjudication will not affect the validity of the remainder of the Agreement.  All remaining provisions will remain in full force and effect. Unless You are party to a term employment agreement that is signed by an authorized representative of the Company and You, this Agreement does not alter the "at-will" status of Your employment.

**[SIGNATURE PAGE BELOW]**

**AGREED: EMPLOYEE**

**I HAVE READ, UNDERSTAND, AND AGREE TO THIS ARBITRATION AGREEMENT. BY SIGNING MY NAME BELOW AND/OR BY USING AN ELECTRONIC MEANS OF ACCEPTANCE, I AGREE THAT THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JUDGE OR JURY TRIAL AND AGREEING TO ARBITRATE CLAIMS COVERED BY THIS AGREEMENT. I ALSO AGREE THAT TO THE EXTENT I USE AN ELECTRONIC MEANS OF ACCEPTANCE ("ELECTRONIC SIGNATURE") AS MY ACCEPTANCE TO THIS AGREEMENT, I UNDERSTAND AND ACKNOWLEDGE THAT MY ELECTRONIC SIGNATURE IS INTENDED TO SHOW MY ACCEPTANCE AND IS AS VALID AND HAS THE SAME LEGAL EFFECT AS AN INK SIGNATURE.**

_____    _____

EMPLOYEE SIGNATURE                                                                                              DATE

_____

EMPLOYEE NAME PRINTED

**AGREED:** *STEWARD HEALTH CARE SYSTEMS LLC*