IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| STEWARD HEALTHCARE SYSTEMS LLC, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-13-MJT-CLS |
| SANDRA PRUDHOMME, | § § § | |
| *Respondent*. | § | |

**REPORT AND RECOMMENDATION**
**ON PETITION TO CONFIRM ARBITRATION AWARD (Doc. #1)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72. Pending before the court is Petitioner Steward Healthcare Systems LLC's ("Steward") Petition to Confirm Arbitration Award. (Doc. #1.) After review, the undersigned recommends confirming the arbitration award.

On March 16, 2021, Respondent Sandra Prudhomme, proceeding *pro se*, initiated arbitration regarding her claims[1] against Steward pursuant to the parties' Arbitration Agreement. (Doc. #1-1 at 3.) The arbitrator's amended scheduling order set this matter for a final arbitration hearing to take place on January 26-28, 2022. (Doc. #1-1 at 4.) The amended scheduling order also allowed Steward to file its Motion for Summary Disposition on December 10, 2021. (Doc.

---

[1] The arbitrator's Order on Motion for Summary Disposition and Final Award indicates that Prudhomme's asserted claims against Steward under Title VII and the Texas Labor Code for retaliation and discrimination on the basis of race, color, national origin, and age discrimination. (Doc. #1-1 at ¶ 8.)

#1-1 at 4.) Prudhomme filed a response to the motion on December 13, 2021, which included exhibits and a recording of a conversation. (Doc. #1-1 at 4.) The arbitrator's Order on Motion for Summary Disposition and Final Award [hereinafter "Arbitrator's Order"], issued on January 10, 2022, states that the arbitrator "read and listened to all evidence and [entered] its decision accordingly." (Doc. #1-1 at 4.) The arbitrator granted Steward's Motion for Summary Disposition, canceled the arbitration hearing set for January 26-28, 2022, and issued a final award that Prudhomme take nothing and her substantive and procedural claims be dismissed with prejudice, finding that Prudhomme's claims were not supported by competent summary disposition evidence. (Doc. #1-1 at 9.)

On January 9, 2023, Steward filed a Petition to Confirm Arbitration Award under 9 U.S.C. § 9. (Doc. #1.) Prudhomme, still proceeding *pro se*, filed an answer to the petition stating she opposed confirmation of the arbitration award. (Doc. #4.) The undersigned conducted a hearing on the matter on April 4, 2023. (Doc. #7.)

In its petition and at the hearing, Steward represented to the court that the arbitration matter was concluded on January 10, 2022, pursuant to the Arbitrator's Order. (Doc. #1 at ¶ 10.) In her answer and at the hearing, Prudhomme indicated that she opposed confirmation of the arbitration award on the ground that she was not given a full opportunity to present evidence on the merits of her claims against Steward because the actual arbitration hearing, scheduled for January 26-28, 2022, was canceled when the arbitrator granted Steward's Motion for Summary Disposition.

The undersigned recognizes that the FAA requires the court to confirm an arbitration award unless there is a reason to refuse to do so, and federal law strongly favors confirmation of arbitration awards, even if the court would have reached a different conclusion than the arbitrator on Steward's Motion for Summary Disposition. Here, the arbitrator was permitted under the rules

to grant Steward's Motion for Summary Disposition and cancel the arbitration hearing that would have taken place just two weeks later, and the undersigned cannot review the arbitrator's findings but for limited circumstances not presented here.[2]  However, the undersigned notes that Prudhomme was arbitrating her claims *pro se*, the arbitration hearing was scheduled to take place shortly, and Prudhomme had indicated that she was prepared and eager to present her case at the arbitration hearing.  The undersigned also notes that Prudhomme filed her response to Steward's Motion for Summary Disposition just three days after the motion was filed, perhaps rushing her response due to a lack of understanding of the rules, applicable law, and the legal process generally.  Prudhomme indicated at the April 4, 2023, hearing before the undersigned that she had witnesses prepared to testify at the arbitration hearing and that the evidence from these witnesses was either not included or not fully explained in her response to Steward's motion.  Nonetheless, the arbitrator found that Prudhomme failed to create a genuine issue of material fact using competent summary judgment evidence in her response to Steward's motion.  It is a harsh result to hold a *pro se* plaintiff to stringent summary judgment rules and not allow a *pro se* plaintiff to present her case at a hearing.  However, a harsh result is not a legal ground to vacate an arbitration award, nor does it show misconduct on the part of the arbitrator.

---

[2] There are no grounds to vacate the award under the 9 U.S.C. § 10.  Broadly construed, Prudhomme seeks to vacate the award on the ground under subsection (a)(3), which provides that an award can be vacated if the arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy.  9 U.S.C. § 10(a)(3).  However, Prudhomme was provided with a full opportunity to respond and provide evidence in opposition to Steward's Motion for Summary Disposition, and the Arbitrator's Order states that the arbitrator "read and listened" to all of Prudhomme's evidence in her response to Steward's motion (doc. #1-1 at 4).  The undersigned is not aware of any case law indicating that canceling the January 26-28, 2022, arbitration hearing after granting Steward's motion would constitute misconduct under 9 U.S.C. § 10(a)(3)—indeed, the case law appears contrary to such an interpretation of the statute.  *See, e.g.*, *Samaan v. Gen. Dynamics Land Sys.*, 835 F.3d 593, 604 (6th Cir. 2016) ("Samaan points to no caselaw (and we are aware of none) holding that an arbitrator's failure to hold an evidentiary hearing merits vacatur under 9 U.S.C. § 10.") (citations omitted).  None of the other provisions of the statute are potentially applicable (nor alleged to be), and they do not warrant further analysis.  9 U.S.C. 10(a)(1)-(2), (4).

Steward has demonstrated that the arbitration award is binding on the parties involved under the relevant arbitration agreement and 9 U.S.C. § 9. Therefore, the undersigned finds the Steward's Petition to Confirm Arbitration Awards (doc. #1) meritorious and recommends that it be granted and the district court enter an order finding that the arbitration award and findings issued on January 10, 2022, by Ms. Cecilia H. Morgan in her Arbitrator's Order (doc. #1-1) are comprehensively adopted and confirmed by the court.

## Recommendation

For the foregoing reasons, the undersigned recommends that Steward's Petition to Confirm Arbitration Awards (doc. #1) be **GRANTED**. It is further recommended that the district court enter an order finding that the arbitration award and findings issued on January 10, 2022, by Ms. Cecilia H. Morgan in her Arbitrator's Order (doc. #1-1) are comprehensively **ADOPTED** and **CONFIRMED** by the court.

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that

4

such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 25th day of April, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE